**The document below is hereby signed.**

**Dated: March 16, 2012.**



_____
S. Martin Teel, Jr.
U.S. Bankruptcy Judge

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
ANGELA CRAFTON,               )   Case No. 11-00138
                              )   (Chapter 7)
             Debtor.          )   Not for Publication in
                              )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER RE MOTION TO REOPEN CASE

The debtor seeks to reopen this case because she neglected to schedule one creditor, Thia S. Fox, and she seeks an order "directing that this case be reopened for the limited purpose of including this Creditor in the instant case, and granting such other and further relief as is appropriate." Although I will grant the motion, I question whether it was worthwhile for the debtor to pursue the motion and to incur the court fee for filing it.

Under, respectively, 11 U.S.C. § 523(a)(3)(A) and § 523(a)(3)(B), a debt owed a creditor who was unaware of the case escapes discharge if it was not scheduled or listed in time to permit the creditor to make timely filing of a proof of claim or timely filing under 11 U.S.C. § 523(c) of a complaint to

determine that the debt is nondischargeable if the debt is of a kind specified in paragraph (2), (4), or (6) of § 523(a). This was a no-asset case in which the court did not provide notice to creditors of a bar date for filing proofs of claim. Accordingly, the time for Fox's filing a proof of claim has never expired, and the debt did not become nondischargeable under § 523(a)(3)(A). If the debt owed Fox is of a kind specified in paragraph (2), (4), or (6) of § 523(a), then belatedly scheduling the debt would not alter the nondischargeability of that debt under § 523(a)(3)(B).

Accordingly, in a no-asset case, reopening the case to schedule a debt adds nothing to the issue of whether the debt is dischargeable. *See In re Nielsen*, 383 F.3d 922, 925 (9th Cir. 2004) (adopting reasoning of concurring opinion in *In re Beezley*, 994 F.2d 1433, 1434-1441 (9th Cir. 1993)); *In re Hunter*, 116 B.R. 3, 5 (Bankr. D.D.C. 1990) ("reopening the case merely to schedule the debt is for all practical purposes a useless gesture."). *But see Stark v. St. Mary's Hosp. (In re Stark)*, 717 F.2d 322, 324 (7th Cir. 1983) (per curiam) (allowing debtor in no-asset case to reopen bankruptcy case to add omitted creditor holding otherwise dischargeable debt "where there is no evidence of fraud or intentional design"); *Colonial Surety Co. v. Weizman*, 564 F.3d 526 (1st Cir. 2009).

Moreover, reopening the case only to schedule the creditor

cannot lead to a determination of the dischargeability of the debt.  If an issue of dischargeability is to be decided by the bankruptcy court, an adversary proceeding is required.  Fed. R. Bankr. P. 7001.  Even if there were a requirement that a debt not have been intentionally omitted in order for it to be discharged along with other debts discharged by the debtor's discharge (a requirement that I have opined does *not* exist), a determination in that regard, binding on Fox, cannot be obtained by way of addressing a motion to reopen the case to permit belated scheduling of the debt.  Reopening this case and belatedly scheduling the debt (the only thing for which the debtor requests that the case be reopened) will not affect whether the debt was discharged in this no-asset case.  If the debtor wants to pursue a complaint to obtain a binding determination that the debt owed Fox has been discharged, the debtor may file a new motion to reopen the case at any time without incurring a reopening fee in order to pursue such a complaint.  Bankruptcy Court Misc. Fee Schedule (Appendix to 28 U.S.C. § 1930), item 11 (no reopening fee charged "to permit a party to file a complaint to obtain a determination under Rule 4007(b)").

   Theoretically, a creditor might discover assets that the debtor failed to schedule and obtain a reopening of the case for a trustee to administer that asset.  If that occurred, and the debtor did not act to schedule Fox as a creditor upon the case

3

being reopened, Fox might not receive notice of the bar date for filing claims, and Fox's claim arguably might then become nondischargeable under § 523(a)(3).[1]  Given this theoretical possibility, I will permit the case to be reopened.  *See Judd v. Wolfe*, 78 F.3d 110, 117 (3d Cir. 1996).  The exercise will likely be pointless, if the debtor scheduled all of her assets.  It is thus questionable whether it was worthwhile for the debtor to file the motion to reopen and to incur the fee for filing that motion, and to then incur the fee for amending the schedules to add a creditor to the case.  But with the debtor having already incurred a fee for filing it, I will not deny the motion.

Nevertheless, I retain the discretion to deny such motions in the future given the exceedingly tiny fraction of cases that are ever reopened to administer assets, and given the debtor's ability to add a creditor once a case is reopened for that purpose.  These types of motions are pointless for all practical purposes, with reopening imposing an administrative burden on the

---

[1] Fox, however, is now aware of the bankruptcy case, and § 523(a)(3)(A) arguably might not apply if the case were reopened to administer assets with a notice of a claims-filing-bar-date issued to other creditors, but not to Fox.  That is because Fox already knows about the case, and thus arguably knows about the case in time to file a proof of claim.  However, to address the possibility that she might not receive such a notice of a claims-filing-bar-date because she was never scheduled, Fox could file a motion to reopen requesting to be added to the mailing matrix, and asking that the fee for filing a motion to reopen be waived because it was not her fault that she was not on the mailing matrix.

4

court.  I look upon such motions with disfavor, particularly in light of any attorney's fees and the court fee the debtor incurs in filing a motion to reopen, when, as a practical matter, there is no necessity for the motion.  This decision, I hope, will discourage the filing of such motions in the future.

It is thus

ORDERED that the motion to reopen is granted, and the case shall remain open for 28 days for the limited purpose of permitting the debtor, if she sees fit, to list Fox as a creditor and to schedule Fox's claim, or to file a Rule 4007(b) complaint or other proceeding relating to her discharge.  It is further

ORDERED that 28 days after the entry of this order, the clerk shall close this case anew unless some matter is pending that requires further court action.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification;

Judgment Recovery Solutions, LLC.
P.O. Box 3185
Laurel, MD 20709

5